873 F.2d 1450
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The UNITED STATES of America, Defendant-Petitioner,
and
Norsk Jernverk A.S., Defendant/Intervenor-Petitioner,
v.
CHAPARRAL STEEL COMPANY, Plaintiff-Respondent.
 Misc. Nos. 231, 232.
 United States Court of Appeals, Federal Circuit.
 Feb. 2, 1989.
 
 Before RICH, NIES and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 Norsk Jernverk A.S. (Norsk) and the United States each petition for permission to appeal the order certified for immediate appeal pursuant to 28 U.S.C. Sec. 1292(d) by the Court of International Trade. Chaparral Steel Company (Chaparral) does not oppose the petitions.
 
 
 2
 In 1985, the International Trade Commission (ITC) issued a determination in Carbon Steel Structural Shapes from Norway that the domestic industry was not materially injured or threatened with injury by reason of imports from Norway. The ITC interpreted the cumulation provision of 19 U.S.C. Sec. 1677(7)(c)(iv) to preclude assessing the impact of imports from Poland, Spain, and South Africa as well as Norway.
 
 
 3
 Chaparral appealed the ITC's determination to the Court of International Trade. The Court of International Trade reversed the ITC and remanded with instructions to cumulate the imports from Norway with those from Poland, Spain, and South Africa. On December 23, 1988, the court amended its order to include the following certification:
 
 
 4
 The question of the proper interpretation of the cumulation provision contained in 19 U.S.C. 1677(7)(c)(iv) constitutes a controlling question of law with respect to which there is substantial ground for difference of opinion and that an immediate appeal from the Court's decision may materially advance the ultimate termination of the litigation.
 
 
 5
 The Court of International Trade also stayed further proceedings at the ITC pending a ruling by this court on the petitions for permission to appeal.
 
 
 6
 The grant of permission to appeal is discretionary with the appellate court. However, certification by a trial court is entitled to great deference. 9 Moore's Federal Practice p 110.22. Here, all of the parties and the trial court seek the guidance of this court on this matter. We note that resolution of this issue will have an impact on a variety of cases not just the case on appeal.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 (1) The United States' and Norsk's petitions for permission to appeal are granted.
 
 
 9
 (2) The Clerk is directed to consolidate the appeals.